# EXHIBIT G

FILED
2006 Apr-05 AM 08:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VANESSA BROWNLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:06-cv-00634-JEO |
| ) | |
| ELI LILLY AND COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The court has for consideration defendant's "Motion for a Stay of All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation" (doc. 6), the "Plaintiff's Emergency Motion for Protective Order" (doc. 8), and the "Plaintiff's Emergency Motion to Remand and for Expedited Hearing" (doc. 13). Upon due consideration, the court finds that the motion to stay is due to be granted, the motion for a protective order is due to be denied, and the motion to remand is stayed.

The plaintiff alleges various state law claims against Defendant Eli Lilly and Company ("Lilly") and two of its sales persons concerning the safety of Zyprexa, which is manufactured by Lilly, and representations purportedly made by sales persons associated with Lilly. Lilly's motion for a stay asserts that this case "involves the same factual inquiries that the [MDL] Panel noted were present in Zyprexa® cases generally, which warranted coordinated or consolidated pre-trial proceedings in the Eastern District of New York." (Doc. 7 at p. 4). The motion is opposed by the plaintiff. She asserts that "[t]he issue of federal subject matter jurisdiction should be resolved now. Cases without federal subject matter jurisdiction, such as this one, do not belong in federal court and should not transferred to any MDL." (Doc. 9 at pp. 1-2).

It is well-settled that

> [a] district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55, 57 S. Ct. at 166.

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See American Seafood v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1-2 (E.D. Penn. 1992)." *Rivers*, 980 F. Supp. at 1360.

Reviewing the present circumstances and the briefs already submitted, the court is convinced that a stay of this matter is appropriate. First, the court does not see any prejudice to the plaintiff in the granting of the stay. This court's experience with MDL cases is that the Panel expeditiously resolves transfer issues; therefore, the court finds no prejudice to the plaintiff. Second, due to the apparent commonality of factual and legal issues, such as the present jurisdictional question, it makes sense for the parties to address this issue before the MDL judge rather than before the various judges in the individual cases.[1] Third, judicial resources of this court will be saved if the instant action is stayed to allow the MDL judge to address any common

---

[1] After examining the plaintiff's "Emergency Motion to Remand" (doc. 13), the court is convinced of the propriety of staying this matter rather than individually addressing this case.

2

remand issues. Because the transferee judge will have more experience with the factual and legal issues in this litigation, the granting of a stay herein promotes the conservation of judicial resources. The MDL Panel ordered the transfer of apparently related cases almost two years ago. Since this case was recently filed, any actions of this court may result in the unnecessary duplication of efforts.[2]

Accordingly, it is hereby **ORDERED** that the motion for a stay (doc. 6) is **GRANTED** until the MDL Panel decides whether to transfer this case to the consolidated proceedings. The plaintiff's emergency motion for a protective order (doc. 8) is **DENIED**. Consideration of the motion to remand (doc. 13) is **STAYED**.

**DONE,** this the 4th day of April, 2006.

*John E. Ott*
_____
JOHN E. OTT
United States Magistrate Judge

---

[2] The court does not rely on Judge Sharon L. Blackburn's grant of a stay in *Wesley v. Lilly*, 7:06-cv-0569-SLB, in that the motion in that case was unopposed. However, the court does note that the complaint in that case included a similar fraud and misrepresentation claim.