A CERTIFIED TRUE COPY

OCT 18 2006

ATTEST

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1596*

*JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 39 Northern District of Indiana actions, six Middle District of Alabama actions, one Southern District of Alabama action, one District of New Jersey action, and one Southern District of West Virginia action as listed on Schedule A. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Similarly, two defendants – a doctor and a health care organization – in the Eastern District of Wisconsin action move to vacate the conditional transfer order with respect to that action. Common defendant Eli Lilly and Co. opposes the motions to vacate and urges inclusion of the 49 actions in the MDL-1596 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these 49 actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court or for dismissal can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff in the Southern District of West Virginia action argues against transfer, among other things, that the action, which pleads statutory claims under West Virginia law on behalf of the state, does not share sufficient questions of fact with the products liability claims in the previously centralized MDL-1596 actions, which arise from product defect and failure to warn, to warrant transfer. We are unpersuaded by this argument. Regardless of the differences in legal theory, the claims in the Southern District of West Virginia action similarly arise from representations about the safety of Zyprexa and its

- 2 -

adverse effects, in particular, the incidence of diabetes and related diseases in users. Inclusion of these claims in the MDL-1596 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that the request for fees and expenses by certain plaintiffs is denied.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

**SCHEDULE A**

<u>MDL-1596 -- In re Zyprexa Products Liability Litigation</u>

<u>Middle District of Alabama</u>

*Mattie Grant v. Eli Lilly & Co., et al.*, C.A. No. 2:06-464
*Marie Person v. Eli Lilly & Co., et al.*, C.A. No. 2:06-465
*Nicole Glover v. Eli Lilly & Co., et al.*, C.A. No. 2:06-466
*Robert Frizzle v. Eli Lilly & Co., et al.*, C.A. No. 2:06-467
*Leslie Gantt v. Eli Lilly & Co., et al.*, C.A. No. 2:06-468
*Dorothy Wakefield v. Eli Lilly & Co., et al.*, C.A. No. 3:06-460

<u>Southern District of Alabama</u>

*Kelly P. Foster v. Eli Lilly & Co., et al.*, C.A. No. 1:06-261

<u>Northern District of Indiana</u>

*Edwin Perkins, Jr., et al. v. Eli Lilly & Co.*, C.A. No. 4:06-46
*Fredrick Thomas, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-48
*Ozella Tabourne, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-49
*Lisa Alex, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-50
*Maria Parson, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-51
*Angela Williams, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-54
*Victor Johnson, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-55
*Jack Lidikay, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-56
*Donette Mace, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-57
*John Murnane, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-58
*Marie Haney, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-59
*Bradford Heck, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-60
*Charmane Horton, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-61
*Wesley Howard, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-62
*Bobby Brown, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-63
*Charles Clanton, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-64
*Nancy Carpenter, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-65
*Maxine Fernandez, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-66
*Luella Cramer, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-67
*Gordon Smith, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-68
*Ray Garrison, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-69
*Willie Bracy, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-70
*Zanara R. Ross, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-71
*Roger Tompkins, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-75

- A2 -

### Northern District of Indiana (Continued)

*Wayne Trembly, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-76
*Angela Albert, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-77
*Richard Pagani, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-78
*Leslie Carter, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-79
*Casey Cade, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-80
*Denise Eggleston, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-81
*Kathleen Cleary, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-82
*David Aguilera, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-83
*Roseaner Gresham, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-84
*Roger Young, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-85
*Patsy Wright, et al. v. Woods, et al.*, C.A. No. 4:06-86
*Ronald Brassfield, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-87
*Michael Capshaw, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-88
*Amy Goode, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-90
*Lois Anne Shaffer, et al. v. Eli Lilly & Co.*, C.A. No. 4:06-91

### District of New Jersey

*Kevin A. Holbert, et al. v. Eli Lilly & Co., et al.*, C.A. No. 3:06-1742

### Southern District of West Virginia

*State of West Virginia, ex rel v. Eli Lilly & Co.*, C.A. No. 3:06-298

### Eastern District of Wisconsin

*Frances Lee Young v. Eli Lilly & Co., et al.*, C.A. No. 2:06-645